**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Criminal No. 09-cr-111-01-JD

Blas Seferino Reyes-Paez

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted today for the purpose of determining whether to detain defendant, Blas Seferino Reyes-Paez, who has been indicted in count one of a 10-count indictment with participating in a conspiracy to knowingly, intentionally and unlawfully possess with the intent to distribute cocaine, a Schedule II Controlled Substance.  The defendant is also indicted in Count 10 with a substantive offense of possession with the intent to distribute cocaine.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C.

§ 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and

the community require satisfaction of the "clear and convincing" standard.  18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant Blas Seferino Reyes-Paez has committed them.  Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).  Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . .

and the safety of the community . . ." is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Notably, the burden is one of production, not of persuasion. Id. at 380-81.

Notwithstanding the comprehensive defense proffer that there are conditions of release which I can fashion to reasonably assure the presence of the defendant at further court proceedings, I find that the defendant has fails to rebut the presumption with regard to risk of flight. Specifically, the nature and circumstances of the offenses charged carry lengthy maximum statutory penalties. The United States proffered that a co-defendant specifically identified the defendant as one of his sources of supply for narcotics. It appears that the defendant was referred to by that co-defendant as that co-defendant's uncle. During the execution of a state search warrant at the defendant's apartment, located at 131 Ahern Street, which he

shared with his spouse Esmerelda Carrion and four children, (the youngest of which is theirs), the defendant was seen by law enforcement officers to attempt to secrete an amount of cocaine under or into a couch cushion. The defendant was also identified as the driver of a vehicle used in one of the transactions subject of the indictment. During two drug transactions, telephone calls were made from the undercover telephone to 554-4242, a cellular telephone number listed to Blas Reyes in Manchester. The defense argued that the defendant is not the uncle of the other co-defendant, but that an uncle does live at 131 Ahern Street. However, uncle is a term of endearment common in the Latin community. The defense argued that the defendant has not has steady employment due to Type II diabetes and neuropathy. He is attempting to secure social security benefits but has not been successful as of yet.

    The defendant was accompanied at the hearing by members of his spouse's church, Iglesia Pentecostal & Misionera. They include Ana Rodriguez, and Jose Santos, as well as Carmen Diaz who has known the defendant for seven years. The pastor's spouse Wanda was also present to give support to the defendant who was born in the Dominican Republic and is a resident alien (facing

deportation if convicted). A general letter of support for the spouse from the pastor was proffered. A grocery store owner Jose Diaz, who lives on O'Malley Street in Manchester, offered himself as third-party custodian.

The defendant has sisters who live in Pennsylvania and Indiana. He apparently has no financial resources.

Having considered the proffers of the United States and the defense, I conclude that the defendant here is the type of individual Congress envisioned when it established the statutory presumption.

Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the appearance of this defendant.

Upon full consideration of the detailed arguments offered by the government and defense, I am satisfied that the defendant has not rebutted the presumption that he poses a serious risk of flight.

Accordingly, it is **ORDERED** that the defendant Blas Seferino Reyes-Paez be detained pending trial.

The defendant is committed to the custody of the Attorney

General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Justo Arenas
United States Magistrate Judge

Date: July 6, 2009

cc:  Ted Lothstein, Esq.
     Jennifer C. Davis
     U.S. Marshal
     U.S. Probation